IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRANDON FINE SEKONA, #A6131806, | Civil No. 26-00242 MWJS-WRP |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |
| vs. | |
| OAHU COMMUNITY CORRECTIONAL CENTER STAFF, *et al.*, | |
| Defendants. | |

## ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the court is pro se Plaintiff Brandon Fine Sekona's prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983.[1]  Dkt. No. 1.  In the complaint, Sekona alleges that an unspecified number of prison officials at Oahu Community Correctional Center (OCCC) violated his rights in a variety of ways since July 2025.[2]  *Id.* at PageID.6-16.  Having conducted the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the

---

[1]      Sekona is currently confined at Oahu Community Correctional Center.  Dkt. No. 1, at pg. 1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A6131806"; and select "Search") (last visited May 22, 2026).

[2]      Sekona names as defendants: (1) OCCC staff; (2) the former Department of Public Safety; (3) Health Care Unit (Medical); and (4) John Schell.  Dkt. No. 1, at pg. 1.  Schell is the warden at OCCC, but he is not mentioned in any of the complaint's eleven counts. *See id.* at PageID.6-16.

court DISMISSES the complaint with partial leave to amend.  In the pages that follow, the court first briefly describes the background of the case, *see infra* pp. 2-3; describes its obligation to screen in forma pauperis complaints, *see infra* pp. 3-4; discusses the deficiencies it has found in Sekona's claims while performing its screening obligation, *see infra* pp. 4-15; and then provides guidance on the rules and law Sekona must follow if he wishes to cure those deficiencies in a new, amended complaint, *see infra* pp. 15-17.

If Sekona wants to proceed with this action, he must file an amended complaint that cures the noted deficiencies in his claims on or before Monday, June 30, 2026. Alternatively, Sekona may inform the court in writing on or before June 30, 2026, that he would like to voluntarily dismiss this action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).  Failure to comply with the court's instructions could result in automatic dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

The complaint alleges the following facts, which the Court accepts as true for the purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014).  Since July 2025, an unspecified number of prison officials at OCCC have violated Sekona's rights by denying him adequate medical care, threatening his safety, using excessive force, retaliating against him, exposing him to unconstitutional conditions of confinement, interfering with his free exercise of religion, mishandling his mail,

2

preventing him from filing grievances, withholding money that his mother had deposited in his account, and denying him access to the courts.  Dkt. No. 1, at PageID.6-16.

Sekona commenced this lawsuit by filing a complaint, which the court received on May 18, 2026.  Dkt. No. 1-2, at PageID.20.  The court granted Sekona in forma pauperis status on May 19, 2026.  Dkt. No. 4.

## STATUTORY SCREENING

The court is required to screen all in forma pauperis prisoner complaints filed against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) (per curiam).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard as that used under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation modified).  A claim is "plausible" when the facts alleged support a

3

reasonable inference that the plaintiff is entitled to relief from a particular defendant for specific misconduct.  *See id.*

In screening a complaint, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).  If a complaint does not survive screening, the court must nonetheless grant leave to amend if it appears that the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, however, dismissal without leave to amend is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## DISCUSSION

**A.    Legal Framework for Sekona's Claims Under 42 U.S.C. § 1983**

Sekona relies on 42 U.S.C. § 1983 to bring his claims.  Accordingly, before turning to the specifics of those claims, the court provides a brief overview of § 1983.

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original).  To state a claim under § 1983, a plaintiff must allege: (1) a violation of a right secured by the Constitution or United States laws, and (2) that the alleged violation was committed by a person acting under color of state law.  *See*

*West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988); *Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

There are two situations in which a state official might be liable under § 1983. "First, plaintiffs may seek damages against a state official in [their] personal capacity." *Cornel*, 37 F.4th at 531 (cleaned up). "Second, state officials are 'persons' under § 1983 when sued for prospective injunctive relief." *Id*. (citation omitted). This second situation applies "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective." *Id.* (cleaned up).

## B.     The Deficiencies in Sekona's Claims

### 1.     The Eleventh Amendment Bars Some of Sekona's Claims

The defendants listed in the complaint's caption include the former Department of Public Safety (DPS) and the Health Care Unit at OCCC.[3] Dkt. No. 1, at PageID.1.

"[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984); *see also Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment

---

[3]     On January 1, 2024, the former Department of Public Safety was renamed the Department of Corrections and Rehabilitation. *See* 2022 Haw. Sess. Laws Act 278, § 1 at 765-66; Haw. Rev. Stat. § 26-14.6(d) (2024).

bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").

Any claims against the former DPS (now the Department of Corrections and Rehabilitation) and the Health Care Unit at OCCC are barred by the Eleventh Amendment and therefore DISMISSED with prejudice. *See Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) ("The district court properly dismissed [the state prisoner plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment."); *Kaimi v. Hawaii, Dep't of Pub. Safety*, Civ. No. 13–00483, 2013 WL 5597053, at *3 (D. Haw. Oct. 11, 2013) ("Plaintiff's claims against . . . the Department of Public Safety, and OCCC and its medical unit are barred by the Eleventh Amendment.").

By dismissing these claims with prejudice, the court is not allowing Sekona to bring these claims again in an amended complaint. Sekona must not name the former DPS or the Health Care Unit at OCCC as defendants in any future amended complaint.

That said, the Eleventh Amendment does not bar Sekona from seeking "damages against [individual] state officials in their *personal* capacities." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016). Nor does it bar him from seeking prospective injunctive relief from individual state officials for ongoing violations of federal law. *See Cornel*, 37 F.4th at 531. And Sekona does name individual defendants in his complaint. The court therefore turns to a consideration of the claims against these individuals.

**2.    Sekona Must Specify How Each Unnamed Defendant Violated His Rights**

Sekona includes as defendants an unspecified number of unnamed OCCC staff members.  Dkt. No. 1, at PageID.1.

Unnamed defendants—that is, Doe defendants—are generally disfavored because it is effectively impossible for the United States Marshals to serve an anonymous defendant.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Sometimes, however, a plaintiff cannot know the names of all defendants prior to bringing suit.  In such instances, a plaintiff may refer to unknown defendants as John or Jane Doe, alleging specific facts showing how each Doe defendant violated his rights. The plaintiff may then use the discovery process to obtain the names of Doe defendants and, once they are identified, seek leave to amend to name those defendants.  But a plaintiff may not use "Doe" placeholders if it is clear that discovery will not uncover their identities, or that the complaint will be dismissed on other grounds.  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

At this point, Sekona has not distinguished between the unknown number of unnamed OCCC staff members, nor has he said how each of them allegedly violated his rights.  Any claims against "Oahu Community Correctional Center Staff" are therefore DISMISSED.  *See Char v. Simeona*, Civ. No. 18-00303, 2018 WL 5815519, at *7 (D. Haw. Nov. 6, 2018) (dismissing claims where it was "impossible to discern between any Doe

7

Defendant to determine who, individually, did exactly what to [the plaintiff], and when the alleged action occurred").

This dismissal is not with prejudice. That means Sekona may include Doe Defendants in a future, amended complaint. But if he chooses to do so, he must cure the deficiencies identified above. He also must follow the guidance provided later in this order.

### 3. Sekona Cannot Sue OCCC's Warden Solely on Account of His Supervisory Position

The last defendant is the OCCC's warden, John Schell. Dkt. No. 1, at PageID.1. But Sekona fails to say how Warden Schell allegedly violated his rights. He therefore has not offered facts that would support a claim against Warden Schell.

It is possible that Sekona named Warden Schell as a defendant simply because he has supervisory responsibility over OCCC. But that is not a proper basis for naming a defendant in a § 1983 action. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S. Ct. at 1948. *See also Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020).

Of course, a plaintiff in a § 1983 suit can name a supervisor as a defendant. But the claim will be appropriate "only if there exists either (1) [the supervisor's] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v.*

*Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (cleaned up). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (quoting *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).

What this means is that "a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (cleaned up). A "claim that a supervisory official knew of unconstitutional conditions and culpable actions of his subordinates but failed to act amounts to acquiescence in the unconstitutional conduct of his subordinates and is sufficient to state a claim of supervisory liability." *Keates*, 883 F.3d at 1243 (cleaned up).

Because Sekona has not offered any facts describing anything Warden Schell did to allegedly violate Sekona's rights, Sekona has failed to state a claim against Warden Schell. *See Antoque v. Hawaii Cmty. Corr. Ctr.*, Civ. No. 24-00134, 2024 WL 3070949, at *3 (D. Haw. June 20, 2024); *Coates v. Cluney*, Civ. No. 23-00122, 2023 WL 2958327, at *5 (D. Haw. Apr. 14, 2023).

9

Sekona's claims against Warden Schell are therefore DISMISSED.  This dismissal is without prejudice.  That means Sekona is allowed to name Warden Schell in a future, amended complaint.  But if he chooses to do so, Sekona must cure the deficiencies identified above.  That is, he must offer facts that would meet the legal requirements described above.

**C.      Guidance for a Future Amended Complaint**

Assuming that Sekona names a proper defendant, in order for his claims to proceed, he also must comply with the Federal Rules of Civil Procedure.  The court will briefly identify a few rules that appear particularly relevant here.

**1.      Sekona Must Allege Additional Facts to Satisfy Rule 8**

In evaluating whether a complaint states a valid claim for screening purposes, courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure.  *See Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013) ("Rule 12(b)(6) is read in conjunction with Rule 8(a) . . . .").  Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rule thus "requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (cleaned up).

Before any claim based on events at OCCC can proceed, Sekona must provide additional information to satisfy the requirements of Rule 8.  For example, he should

10

specify how each defendant allegedly violated his rights and when they did so. *See*

*Smith v. Legacy Partners Inc.*, No. 21-cv-00629, 2022 WL 1214411, at *2 (W.D. Wash.

Apr. 25, 2022) (stating that Rule 8 requires "facts describing what happened, when it

happened, how [the plaintiff] was harmed, and who caused [that] harm").

### 2. Any Amended Pleading Also Must Satisfy the Joinder Rules

To the extent Sekona seeks to assert multiple claims in this lawsuit, he also must

satisfy the joinder rules. Against a single defendant, a party may bring as many claims

as it has against that opposing party. Fed. R. Civ. P. 18(a). "To name different

defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing

joinder of parties." *Weeks v. Espinda*, No. 10-00305, 2010 WL 2218631, at *3 (D. Haw.

June 2, 2010). Rule 20(a)(2) allows multiple defendants to be joined in one action only if

(1) any right to relief is asserted against them jointly, severally, or with respect to or

arising out of the same transaction, occurrence, or series of transactions or occurrences;

and (2) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A), (B). "Unrelated claims involving different defendants belong

in different suits." *What v. Honolulu Police Dep't*, No. 13-00373, 2014 WL 176610, at *4

(D. Haw. Jan. 13, 2014).

Here, it is not clear that Sekona's various claims belong in a single lawsuit.

Nothing suggests that one prison official was involved in all the events described in the

complaint, nor does it appear that Sekona's claims arise out of the same transaction or

11

occurrence, or a series of transactions or occurrences.  The fact that all Sekona's claims are based on events that occurred at OCCC, without more, is not enough to join them in the same action.  *See Woods v. Curry*, No. C 10-1859, 2013 WL 12222362, at \*1 (N.D. Cal. May 2, 2013) (concluding that prisoner improperly joined claims "based on a wide variety of unrelated events that occurred at his prison").

If Sekona decides to file an amended complaint (which he will be allowed to do), he should make clear the connection between his different claims.  Sekona may state several claims against a single defendant.  Fed. R. Civ. P. 18.  He may also add additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim.  Fed. R. Civ. P. 20(a)(2).  But Sekona may not pursue a combination of unrelated claims in a single suit. *See Char v. Kaiser Hosp.*, No. 18-00345, 2019 WL 80890, at \*3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions.").  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

Because Sekona's first (and apparently central) claim is based on the medical care he has received at OCCC, the court now provides the legal standards that would apply to that claim, depending on Sekona's custodial status.  *See* Dkt. No. 1, at PageID.17 (stating that, if other relief is not granted, Sekona "just want[s] [the court] to order OCCC staff to give [him] the right medical treatment").

**3.      The Legal Standard for Sekona's Medical Care Claims Depends on Whether He Was a Pretrial Detainee or a Convicted Inmate**

Sekona alleges that he has been denied adequate medical care at OCCC.  *See* Dkt. No. 1, at PageID.6.  Sekona does not say, however, if he was a pretrial detainee or a convicted inmate when the complained-of conduct occurred.  Sekona's custody status matters because it dictates the applicable legal standard.

For pretrial detainees, medical care claims arise under the Fourteenth Amendment's Due Process Clause.  *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).  "[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard."  *Id.* at 1124-25 (cleaned up).  A pretrial detainee asserting a medical care claim must show that:  (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.  *Id.* at 1125.

Regarding the third element, "the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each

13

particular case." *Id.* (cleaned up).  The "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment;" the plaintiff must "prove more than negligence but less than subjective intent— something akin to reckless disregard." *Id.* (citation omitted).

For a convicted inmate, a medical care claim arises under the Eighth Amendment, and the plaintiff must show both a "serious medical need" and that an official's response to the need was "deliberately indifferent." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785-86 (9th Cir. 2019) (per curiam).

A serious medical need is present when, for example, the "'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* at 785 (cleaned up).  "Serious medical needs can relate to physical, dental and mental health." *Id.* (cleaned up).

"To show deliberate indifference, the plaintiff must show that the course of treatment the official chose was medically unacceptable under the circumstances and that the official chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* at 786 (cleaned up).  This is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment." *Edmo*, 935 F.3d at 786 (citation omitted).  "In other words, medical

14

malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* (cleaned up).

If Sekona wants to proceed, he must clarify his custodial status and ensure that his claim satisfies the corresponding legal standard.

**D.     Partial Leave to Amend the Complaint**

Because it is possible Sekona could cure the identified deficiencies in some of his claims, he is granted partial leave to amend.  He is not given leave to amend his claims against the former DPS, OCCC's Health Unit, and individual officers in their official capacities (to the extent those claims seeks damages); those are dismissed with prejudice and he may not reassert them in an amended complaint.  But Sekona is granted leave to amend the other claims—that is, his claim against Warden Schell and his claims against Doe Defendants.  Sekona may not expand his claims beyond those already alleged or add new claims, without explaining how those new claims properly relate to those he has raised in the original complaint.  Claims that do not properly relate to those in the complaint are subject to dismissal.

If Sekona chooses to amend his complaint, he must do so on or before June 30, 2026.  Sekona must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi.  Local Rule 10.4 requires that an amended complaint be complete in itself, without referencing or incorporating any part of a prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal

15

Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR 99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

In any amended complaint, Sekona must say when the events allegedly occurred. He must also specify how each defendant allegedly violated his rights. Finally, to the extent that Sekona's claims involve different issues, each claim should be limited to a single issue and should be stated in a separate count. For example, if Sekona alleges that a prison official at OCCC denied him adequate medical care, the facts supporting such a claim should be set forth in one count. Any additional claims presenting different issues, against either same prison official or other prison officials based on the same transaction, occurrence, or series of transactions or occurrences, should each be laid out in a separate count. Each count should expressly state which defendant it is brought against.

**E.    Strikes Under 28 U.S.C. § 1915(g)**

If Sekona fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, a subsequent dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "three-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis

16

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If, however, Sekona decides to voluntarily dismiss this action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and does so on or before June 30, 2026, such dismissal will not count as a strike against him.

## CONCLUSION

(1) The complaint, Dkt. No. 1, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; namely, Sekona's claims against the former Department of Public Safety, the OCCC's Health Care Unit, and any claims for money damages against individual defendants in their official capacities are DISMISSED with prejudice, and his other claims are DISMISSED without prejudice.

(2) Sekona is GRANTED partial leave to amend and must file any amended pleading on or before June 30, 2026.

(3) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Sekona may incur a strike under 28 U.S.C. § 1915(g).

(4) ALTERNATIVELY, Sekona may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on or before June 30, 2026, and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5)  The Clerk is DIRECTED to send Sekona a blank prisoner civil rights complaint form so that he can comply with this order if he decides to pursue any of his claims.

IT IS SO ORDERED.

DATED:  May 29, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 26-00242 MWJS-WRP; *Brandon Fine Sekona v. Oahu Community Correctional Center Staff*, et al.; ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND